■ Victor Di Matteo et al., Respondents, v North Tonawanda Auto Wash, Inc., Appellant, et al., Defendants. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant in this mortgage foreclosure action appeals from an order granting plaintiffs' motion for summary judgment and denying its motion for similar relief. The mortgage is dated May 25, 1979 and provides for its payment in monthly installments over a 10-year term. The monthly installments are payable on the first day of each month, with a seven-day grace period. The mortgage also contains an acceleration clause stating that the mortgagee may declare the full amount of the debt to be due and payable immediately for any default. ¶ The March, 1982 payment was made by check dated and delivered on March 2, 1982. On March 30, 1982 it was deposited by plaintiffs in their account in the same bank on which it was drawn. On the following day the bank returned the check to plaintiffs for insufficient funds. Thereafter plaintiffs refused all tenders of monthly payments, and by summons and complaint dated October 7, 1982 commenced this action to foreclose. Defendant offered proof that had the check been presented to the bank on any day until March 15, 1982, or had it been re-presented to the bank on March 31, 1982, it would have been honored. It is also claimed that plaintiffs gave defendant no opportunity to cure the default. ¶ It is the well-settled general rule in New York that a mortgagor is bound by the terms of his contract, including the acceleration clause (*Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175; *Graf v Hope Bldg. Corp.,* 254 NY 1; see Rosenthal, The Role of Courts of Equity in Preventing Acceleration Predicated Upon a Mortgagor's Inadvertent Default, 22 Syracuse L Rev 897). Unconscionability on the part of the mortgagee, however, has long been recognized as a defense to enforcement of an acceleration provision (cf. majority and dissenting opns in

*Graf v Hope Bldg. Corp., supra).* In an analogous case involving a lease, the Court of Appeals recently stated that a lessor who elects to accelerate future rentals may be acting unconscionably if the lessee's default was the result of a mistake of a trifling nature, the lessee had attempted to cure the default immediately upon learning of it and the default did not prejudice the lessor *(Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573). Defendant here has attempted to show that its default was the result of innocent and inadvertent mistake and, by implication at least, that it attempted to cure the default upon learning of it. Defendant claims that its default resulted from error in the balancing of its checking account, and that plaintiffs were but slightly inconvenienced with respect to only one installment payment. There has been no showing that the default prejudiced plaintiffs in any way. Defendant, therefore, has raised factual questions which, if resolved in its favor, could prevent foreclosure *(Fifty States Mgt. Corp. v Pioneer Auto Parks, supra; Karas v Wasserman,* 91 AD2d 812). Summary judgment should not have been granted to either party *(Manufacturers & Traders Trust Co. v Cottrell,* 71 AD2d 538). (Appeal from order of Supreme Court, Niagara County, Hannigan, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.