■ EUROPEAN AMERICAN BANK, Respondent, v OLGA HARPER, Appellant.—In a mortgage foreclosure action, the defendant appeals, as limited by her brief, from (1) an order to the Supreme Court, Kings County (Golden, J.), dated February 24, 1989, which denied her motion, *inter alia,* to vacate a judg-

ment of foreclosure and sale dated September 23, 1988, made upon her default, and to set aside the ensuing sale of the subject premises, and (2) so much of an order of the same court, dated June 8, 1989, as upon, in effect, granting reargument, substantially adhered to its original determination.

Ordered that the appeal from the order dated February 24, 1989, is dismissed, as that order was superseded by the order dated June 8, 1989, made upon reargument; and it is further,

Ordered that the order dated June 8, 1989, is modified by deleting the provisions thereof denying those branches of the defendant's motion which were to vacate the judgment of foreclosure and sale, and to set aside the ensuing sale of the subject premises, and substituting therefor a provision granting those branches of the defendant's motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 24, 1989, is modified accordingly; and it is further,

Ordered that the defendant's time to serve her answer is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the defendant is awarded one bill of costs payable by the respondent.

The defendant seeks to vacate a judgment of foreclosure and sale entered upon her default, which resulted in the sale of her residential property at public auction to 71st Street Realty Corp. Although that branch of the defendant's motion which was to join 71st Street Realty Corp. as a party to this action was denied, that entity did serve and file a brief on this appeal.

The record reveals that there were two mortgages on the defendant's property which were held by different entities. The holder of the first mortgage commenced a foreclosure action in October 1987, which, according to the defendant, was due to a dispute solely over "late fees". On November 30, 1987, the holder of the second, subordinate mortgage, Alliance Funding Company (hereinafter Alliance), advised the defendant that a foreclosure action would be commenced "due to 1st mortgage foreclosure action". Alliance also returned the defendant's most recent mortgage payment and advised her that future payments on the second mortgage would be rejected until the foreclosure action with respect to the first mortgage was resolved. On February 5, 1988, Alliance assigned its interest in the second mortgage to the plaintiff,

European American Bank. In March 1988, the plaintiff commenced this mortgage foreclosure action on the sole ground that the defendant had failed to make monthly payments due in November 1987, and thereafter. Notably, the plaintiff did not allege as a basis for foreclosure that the defendant had been declared in default under the first mortgage, although the second mortgage agreement specifically provides that the failure "to make any payment * * * [or] to keep any other promise or agreement in any prior mortgage" constitutes grounds for declaring a default under the second mortgage. The first mortgage foreclosure action was settled by June 1988, and the first mortgagee waived all late charges and attorneys' fees. According to the defendant, when she advised the plaintiff in June 1988 that the first foreclosure action had been settled and offered to make the payments that had accrued since November 1987, the plaintiff demanded $4,500 in attorneys' fees as a condition for reinstating the mortgage.

A judgment of foreclosure and sale was entered in September 1988 upon the defendant's default in responding to the complaint, and the subject property was sold at public auction in November 1988. The defendant's *pro se* motion, *inter alia,* to vacate the default judgment pursuant to CPLR 5015 (a) (1) was denied, as was her subsequent motion for reargument, which was made after she obtained the services of an attorney.

We find that the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint on the ground of improper service. A hearing on this issue was not required in view of the affidavit of personal service upon the defendant and the defendant's conflicting statements in her affidavits as to whether she received the summons and complaint *(see, Roseboro v Roseboro,* 131 AD2d 557; *Ninth Fed. Sav. & Loan Assn. v Yelder,* 107 AD2d 799).

Although there exists a factual issue as to whether the defendant's default was excusable pursuant to CPLR 5015 (a) (1) based on her allegation that she was negotiating with the mortgagee's attorneys during the relevant time period, we need not remit the matter for a hearing on that issue. We conclude that this is an appropriate case in which to exercise our broad equity power to vacate a default judgment *(see, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831). It appears that the defendant has a meritorious defense to this foreclosure action since the action was concededly premised upon her failure to make certain mortgage payments which she had tendered in a timely manner and which

the plaintiff and its predecessor had refused to accept. Furthermore, the defendant's allegations, if proven, establish that the plaintiff rejected her offer to pay the accumulated mortgage arrears unless she also paid attorneys' fees which were incurred as a result of the mortgagee's refusal to accept her payments, and which amounted to a sum twice that of the total mortgage arrears. The equitable remedy of foreclosure may be denied in order to prevent unconscionable overreaching by a mortgagee (see, Di Matteo v North Tonawanda Auto Wash, 101 AD2d 692; Fairmont Assocs. v Fairmont Estates, 99 AD2d 895). Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.