■ EMPBANQUE CAPITAL CORP., Respondent, v JANNIE GEATHERS, Appellant, et al., Defendants. [637 NYS2d 413] —Order, Supreme Court, New York County (Anne Targum, J.), entered December 19, 1994, which denied defendant's motion to permanently enjoin and restrain plaintiff from seeking a writ

of assistance and to vacate a foreclosure sale, unanimously reversed, on the law and the facts, and in the exercise of discretion, and the matter is remanded for a hearing, with costs.

In this mortgage foreclosure action, the defendant-mortgagor moved by order to show cause to vacate the judgment of foreclosure and sale entered in Supreme Court, Bronx County (Florio, J.), on or about August 24, 1992 and to enjoin the plaintiff from seeking a writ of assistance in order to obtain possession of the subject premises. Cancelled checks contained in the record demonstrate that, prior to the entry of the judgment of foreclosure, defendant tendered, and plaintiff accepted, payments corresponding to the amount owed on the mortgage for the period covered by the complaint. Defendant asserts that she failed to appear in the foreclosure action based upon plaintiff's acceptance of those payments, and her belief that her account had been brought current and that she had exercised her right pursuant to paragraph eighteen of the mortgage agreement to have the plaintiff discontinue its efforts to foreclose prior to entry of the judgment of foreclosure and sale.

There is no question that pursuant to paragraph eighteen of the mortgage agreement the borrower has the right to have the lender's enforcement of the mortgage discontinued upon the performance of certain conditions. The evidence in the record on appeal clearly establishes that issues exist concerning whether the defendant sufficiently complied with the conditions set forth in the mortgage in order to have the foreclosure discontinued. These issues include the question of whether defendant's account was properly credited for the payments represented by the cancelled checks by plaintiff or Chase Manhattan Bank, which became plaintiff's successor in interest upon purchase of the plaintiff during the pendency of the foreclosure proceedings.

Given the existence of these questions, it appears that defendant may have had a reasonable excuse for the default and a viable defense to the foreclosure. Therefore, it was improper for the court to deny the plaintiff's motion without a hearing, based solely upon the documentary evidence contained in this record. The equitable remedy of foreclosure may be denied in order to prevent unconscionable overreaching by a mortgagee (*European Am. Bank v Harper*, 163 AD2d 458, 461). Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.