JACK GORA, Respondent, v SHOLOM DRIZIN, Appellant, et al., Defendants. (And Another Action.) [752 NYS2d 297] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered January 7, 2002, which, in an action between two former partners involving ownership of certain real property formerly owned by the partnership, insofar as appealed from, granted plaintiff's motion for summary judgment dismissing defendant's counterclaims for, inter alia, breach of contract, breach of fiduciary duty and fraud, unanimously affirmed, with costs.

It appears that the property in question was owned by the parties' partnership, that the partnership filed for bankruptcy reorganization, and that the Bankruptcy Court approved a plan of reorganization that, in effect, involved the sale of the property by the mortgage lender to a limited liability company (LLC) in which plaintiff, but not defendant, had an interest. Defendant's counterclaim for breach of contract alleges that plaintiff orally agreed that after the LLC acquired the property, plaintiff would convey to defendant a 50% interest in the LLC, such that defendant would have 50% beneficial ownership of the property. These allegations describe a contract for the purchase of real property not by or on behalf of a partnership that already existed between the parties, but by or on behalf of an entity in which defendant had no interest. Accordingly, the alleged oral contract is barred by the statute of frauds (General Obligations Law § 5-703 [3]; *see e.g. Chanler v*

*Roberts*, 200 AD2d 489, *lv denied* 84 NY2d 903; *Pounds v Egbert*, 117 App Div 756; *see generally Dobbs v Vornado, Inc.*, 576 F Supp 1072, 1076-1077 [ED NY]). Defendant cannot avoid this bar by recharacterizing the claim as one for fraud, and, in any event, all of his noncontractual counterclaims are barred by the bankruptcy reorganization plan, which expressly extinguished all of his rights and interest in the partnership or its property. Thus, it is clear that the partnership was wound up, and that nothing remained of it or of plaintiff's obligations to defendant as a result of it, upon confirmation of the plan. Defendant, who advocated that plan, which, we note, expressly permitted him to bid for the property, will not now be heard to attack it collaterally (*see Felner v Mangel Stores Corp.*, 69 AD2d 36, 38-39). Concur—Mazzarelli, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.