■ GROUP 88, INC., et al., Appellants, v AGA CAPITAL NY, INC., et al., Respondents. [873 NYS2d 195]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Schmidt, J.), entered October 26, 2007, which, upon an order of the same court dated September 11, 2007, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against them dismissing the complaint.

Ordered that the notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]), and it is further,

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for breach of contract, in which they alleged that the defendants promised to obtain a loan for them on certain terms, but failed to do so. The plaintiffs sought the services of the defendants, who are licensed mortgage brokers, to obtain financing in connection with the plaintiffs' purchase of nine cooperative apartments. In connection with providing these services, the plaintiffs executed a written agreement which provided that the defendants could not guarantee any particular loan instru-

ment. The first financial institution to which the defendants submitted the plaintiffs' application rejected it. The defendants then obtained a loan commitment for the purchase from another financial institution, which was accepted by the plaintiffs.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law by showing that the available proof established their defense to the plaintiffs' allegations (*see* CPLR 3212 [b]; *Courtney v Port Auth. of N.Y. & N.J.*, 34 AD3d 716 [2006]; *cf. Higen Assoc. v Serge El. Co.*, 190 AD2d 712 [1993]). The express terms of the parties' agreement contradict the plaintiffs' allegations (*see Weiss v TD Waterhouse*, 45 AD3d 763, 764-765 [2007]). In addition, the plaintiffs' claim that they reasonably relied on the defendants' alleged oral misrepresentation as to the terms of the proposed financing was negated by the provision in the agreement which expressly stated that the defendants could not guarantee a loan on any particular terms (*see Oko v Walsh*, 28 AD3d 529 [2006]; *Old Clinton Corp. v 502 Old Country Rd.*, 5 AD3d 363 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.