■ REGINA TISCHLER et al., Respondents, v JP MORGAN CHASE, Formerly Known as CHASE MANHATTAN BANK, N.A., Appellant. [877 NYS2d 205]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated October 17, 2006, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Between April 1995 and July 2001, the plaintiffs Regina Tischler and Esther Tischler maintained various accounts with the defendant JP Morgan Chase, formerly known as Chase Manhattan Bank, N.A. (hereinafter JP Morgan), including a jumbo certificate of deposit (hereinafter CD) account funded with an initial deposit of $500,000. In September 2002 the plaintiffs commenced this action, inter alia, to recover damages for breach of contract, alleging that JP Morgan failed to properly credit and debit various deposits and/or properly maintain funds in various accounts. Among other things, the plaintiffs alleged that JP Morgan "negligently misplaced or wrongfully deleted" the funds disbursed from the CD account upon maturity. After discovery, JP Morgan moved for summary judgment dismissing the complaint. The plaintiffs failed to submit opposition papers. The Supreme Court denied the motion, finding triable issues of fact as to the instructions the plaintiffs provided to JP Morgan regarding the disposition of the CD account assets and whether

JP Morgan complied with the instructions pursuant to the contract governing the account.

JP Morgan established its prima facie entitlement to judgment as a matter of law by proffering evidence establishing that it did not negligently misplace or wrongfully delete the funds disbursed from the CD account and did not otherwise breach the relevant contractual agreements governing the plaintiffs' bank accounts (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Group 88, Inc. v AGA Capital NY, Inc.*, 59 AD3d 493 [2009]). Contrary to the Supreme Court's determination, the plaintiffs, having failed to submit opposition papers, failed to raise a triable issue of fact requiring the denial of the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The defendant's remaining contentions are academic in light of our determination. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.