■ CITY OF NEW YORK, Appellant, v VALERIE KRAUS, as Trustee under the Trust Agreement Made by 236-1 DEVELOPMENT ASSOCIATES, L.P. (BUFF), et al., Respondents, et al., Defendants. [973 NYS2d 274]—

In an action to foreclose a mortgage and real property tax liens, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated November 17, 2011, as denied those branches of its motion which were for summary judgment on the amended

complaint and pursuant to CPLR 3211 to dismiss the counterclaims of the defendant Stephen Kraus, as trustee under the trust agreement made by 236-1 Development Associates, L.P. (Buff).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3211 to dismiss the third counterclaim of the defendant Stephen Kraus, as trustee under the trust agreement made by 236-1 Development Associates, L.P. (Buff), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents.

The property that is the subject of this action is operated as a low-income housing project. According to the pleadings, the property is owned in fee simple by the defendant Stephen Kraus, as trustee under the trust agreement made by 236-1 Development Associates, L.P. (Buff) (hereinafter Stephen Kraus), and the defendant Development Associates (Buff) is a contract vendee with respect to the property. In 1969 and 1970, the plaintiff, the City of New York, made loans secured by mortgages on the property to finance the rehabilitation of the buildings in the project. In 1980, all of the notes and mortgages relating to the project were consolidated into a single consolidated mortgage, which was to come due on May 31, 2000. The maturity date was extended pursuant to a series of letter agreements that were executed between 2000 and 2003.

In 2009, the City commenced this action to foreclose on the mortgage and real property tax liens. In their joint answer, Stephen Kraus and Development Associates (Buff) (hereinafter together the Buff defendants) alleged that the City had failed to approve any rent increases during the period from 1991 to 2003, which caused them to owe approximately $30 million in New York City real property taxes, including interest and penalties. The Buff defendants further alleged that when the City finally allowed a rent increase in 2003, the City conditioned the increase on their agreement to use the proceeds to pay down arrears on the mortgage instead of arrears owed on real property taxes, causing further interest to accrue on the real property tax debt at a rate of 18%. According to the Buff defendants, had the City allowed the proceeds of the rent increase to go toward reducing the property tax arrears, they would have been able to refinance the project and use the proceeds from the refinancing to fully pay their tax arrears to the City.

The Supreme Court properly denied that branch of the City's motion which was for summary judgment on the amended

complaint. In opposition to the City's prima facie showing of entitlement to judgment as a matter of law, the defendants raised a triable issue of fact with respect to their allegation that the City's conduct in conditioning rent increases on the Buff defendants' agreement to use the proceeds to pay down arrears on the mortgage instead of arrears owed on real property taxes, causing further interest to accrue on the real property tax debt at a rate of 18%, constituted bad faith, oppressive, and unconscionable conduct sufficient to relieve the mortgagor's default (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183 [1982]; *Ferlazzo v Riley*, 278 NY 289, 292 [1938]; *European Am. Bank v Harper*, 163 AD2d 458, 461 [1990]). While the letter agreements executed between 2000 and 2003 provided that "[t]here are no defenses, offsets or counterclaims to the" mortgage or to the indebtedness secured thereby, where a waiver of defense clause is embodied within an agreement procured by oppressive and unconscionable conduct, the oppressive and unconscionable conduct which vitiates the agreement also vitiates the waiver of defense clause contained within it (*see President & Directors of Manhattan Co. v Monogram Assoc., Inc.*, 276 App Div 766, 767 [1949]; *see also Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d at 185).

The Supreme Court should have granted that branch of the City's motion which was pursuant to CPLR 3211 to dismiss Stephen Kraus's third counterclaim, which sought to recover damages for breach of contract, since he failed to allege that he complied with the notice of claim provisions contained in Administrative Code of the City of New York § 7-201 (*see EMD Constr. Corp. v New York City Dept. of Hous. Preserv. & Dev.*, 70 AD3d 893 [2010]; *City of New York v 611 W. 152nd St.*, 273 AD2d 125, 127 [2000]; *City of New York v Candelario*, 223 AD2d 617, 618 [1996]).

The City's remaining contentions are without merit. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.