■ CRAIG B. MASSEY, Respondent, v CHRISTOPHER W. BYRNE et al., Appellants. [977 NYS2d 242]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 18, 2013, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the first, second, third and fourth causes of action, unanimously modified, on the law, to grant the motion as to the third and fourth causes of action, and otherwise affirmed, without costs.

The fourth cause of action, which alleges breach of contract, is barred by the statute of frauds. It is undisputed that no agreement exists in writing, signed by defendant Byrne, to convey half of the interest in the condominium to plaintiff (General Obligations Law § 5-703). Similarly, while plaintiff acknowledges that he and Byrne never entered into a common-law marriage or otherwise were married, he asserts that he and Byrne were involved in a 10-year romantic and business relationship and that they entered into an "oral agreement to share equally in the assets and resources they gained in their partnership." Plaintiff testified that he expected this agreement to last for his lifetime. Thus, the agreement was required to be in writing (General Obligations Law § 5-701 [a] [1]; *see Melwani v Jain*, 281 AD2d 276 [1st Dept 2001]). Plaintiff is correct that the statute of frauds does not apply to partnerships or joint ventures created at will (*Foster v Kovner*, 44 AD3d 23, 27 [1st Dept 2007]). However, contrary to his assertions, there is no evidence here of a joint venture or partnership in which the parties shared control, profits, and losses (*see Langer v Dadabhoy*, 44 AD3d 425 [1st Dept 2007], *lv denied* 10 NY3d 712 [2008]). Plaintiff describes an amorphous partnership amongst himself, Byrne, and defendant Byrne Communications. However, he stated that Byrne alone controlled the financial management of Byrne Communications, including his salary and expenses, thereby establishing that he had no control over the company. Nor did he file tax forms that would demonstrate that a partnership or joint venture of any kind existed during the relevant time period.

The third cause of action alleges fraudulent inducement and is duplicative because it is based on the same alleged promise as

underlies the breach of contract claim (*Fairway Prime Estate Mgt., LLC v First Am. Intl. Bank*, 99 AD3d 554, 557 [1st Dept 2012]). Plaintiff cannot avoid the statute of frauds by calling the breach of contract claim a fraud claim (*Gora v Drizin*, 300 AD2d 139 [1st Dept 2002]).

Triable issues of fact exist regarding the constructive trust and unjust enrichment claims. Among other things, plaintiff presented evidence that he moved to New York from Louisiana and sacrificed his time and other professional opportunities for the benefit of the business, thereby demonstrating that he made a transfer in reliance on Byrne's alleged promise, as required for imposition of a constructive trust (*Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 473-474 [1st Dept 2010]). He also alleged enough facts to raise the inference that defendants were unjustly enriched on this basis, i.e., that they unjustly benefitted at his expense (*id.* at 473).

Triable issues of fact also exist whether the constructive trust and unjust enrichment claims are barred by the six-year statute of limitations (CPLR 213 [1]). Plaintiff presented sufficient evidence to raise, at the very least, triable issues of fact whether the claim accrued only in August 2007, when his and Byrne's relationship ended and Byrne denied him the one-half share of the property at issue, or when Byrne initially acquired the property (*see Tornheim v Tornheim*, 67 AD3d 775, 776 [2d Dept 2009]; *Kaufman v Cohen*, 307 AD2d 113, 127 [1st Dept 2003]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Freedman and Clark, JJ. **[Prior Case History: 38 Misc 3d 1215(A), 2013 NY Slip Op 50104(U).]**