■ Grand Pacific Finance Corp., Plaintiff/Counterclaim Defendant-Appellant, v 97-111 Hale, LLC, et al., Defendants/Counterclaim Plaintiffs/Cross Claim Plaintiffs-Respondents, et al., Defendants. Eli Bobker et al., Additional Counterclaim Plaintiffs/Additional Cross Claim Plaintiffs-Respondents; Global One Corp. et al., Additional Cross Claim Defendants-Appellants, et al., Additional Cross Claim Defendants. [1 NYS3d 115]—

In an action to foreclose a mortgage, the plaintiff/counterclaim defendant appeals from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated March 28, 2013, as denied those branches of its motion which were for summary judgment on the complaint, striking the fourth, seventh, eighth, and ninth affirmative defenses set forth in the amended answer of the defendants/counterclaim plaintiffs/cross claim plaintiffs, 97-111 Hale, LLC, 100-114 Hale, LLC, and Joe Bokber, and dismissing the first, second, and fifth counterclaims of the defendants/counterclaim plaintiffs/cross claim plaintiffs and the additional counterclaim plaintiffs/additional cross claim plaintiffs, Eli Bobker, Ben Bobker, and Hale Club, LLC, the additional cross claim defendant United Asian Funds, LLC, separately appeals from so much of the same order as denied that branch of its separate motion which was for summary judgment dismissing the first cross claim of the defendants/counterclaim plaintiffs/cross claim plaintiffs and the additional counterclaim plaintiffs/additional cross claim plaintiffs insofar as asserted against it, and the additional cross claim defendant Belton Lee separately appeals, and the additional cross claim defendants Global One Corp., 366 Madison, Inc., and Michael Lin separately appeal, from so much of the same order as denied those branches of their separate motions which were for summary judgment dismissing the first and second cross claims of the defendants/counterclaim plaintiffs/cross claim plaintiffs and the additional counterclaim plaintiffs/additional cross claim plaintiffs insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the plaintiff/counterclaim defendant's motion which were for summary judgment striking the fourth, seventh, eighth, and ninth affirmative defenses set forth in the amended answer of the defendants/counterclaim plaintiffs/cross claim plaintiffs, 97-111 Hale, LLC, 100-114 Hale, LLC, and Joe Bokber, and dismissing the first and second counterclaims of the defendants/counterclaim plaintiffs/cross claim plaintiffs and the additional counterclaim plaintiffs/additional cross claim plaintiffs Eli Bobker, Ben Bobker, and Hale Club, LLC, and substituting therefor provisions granting those branches of the motion, (2) by deleting the provision thereof denying that branch of the motion of the additional cross claim defendant United Asian Funds, LLC, which was for summary judgment dismissing the first cross claim of

the defendants/counterclaim plaintiffs/cross claim plaintiffs and the additional counterclaim plaintiffs/additional cross claim plaintiffs insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provisions thereof denying those branches of the separate motions of the additional cross claim defendant Belton Lee and the additional cross claim defendants Global One Corp., 366 Madison, Inc., and Michael Lin which were for summary judgment dismissing the first and second cross claims of the defendants/counterclaim plaintiffs/cross claim plaintiffs and the additional counterclaim plaintiffs/additional cross claim plaintiffs insofar as asserted against them, and substituting therefor provisions granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendants/counterclaim plaintiffs/cross claim plaintiffs and the additional counterclaim plaintiffs/additional cross claim plaintiffs to the additional cross claim defendant United Asian Funds, LLC, the additional cross claim defendant Belton Lee, and the additional cross claim defendants Global One Corp., 366 Madison, Inc., and Michael Lin, appearing separately and filing separate briefs.

The Supreme Court properly denied that branch of the motion of the plaintiff/counterclaim defendant, Grand Pacific Finance Corp. (hereinafter Grand Pacific), which was for summary judgment on the complaint to foreclose a mortgage. Grand Pacific met its initial burden of establishing its prima facie entitlement to a judgment of foreclosure by producing the mortgage, the note, and evidence of default (see *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013]; *Solomon v Burden*, 104 AD3d 839, 839 [2013]; *Aurora Loan Servs., LLC v Thomas*, 53 AD3d 561, 561 [2008]). In opposition, however, the defendants/counterclaim plaintiffs/cross claim plaintiffs, 97-111 Hale, LLC, 100-114 Hale, LLC, and Joe Bobker (hereinafter collectively the Hale defendants), and the additional counterclaim plaintiffs/additional cross claim plaintiffs, Eli Bobker, Ben Bobker, and Hale Club, LLC (hereinafter collectively with the Hale defendants, the Bobker respondents), raised a triable issue of fact as to whether Grand Pacific acted in bad faith and engaged in oppressive and unconscionable conduct in, among other things, allegedly preventing the Bobker respondents from paying off the loan secured by the subject mortgage unless they also paid off certain loans made by the additional cross claim defendants Global One Corp. (hereinafter Global One) and 366 Madison, Inc. (hereinafter 366 Madison), and by interfering with the Bobker respondents' attempts to obtain funds from, or sell the subject properties to, other investors (see *Nassau Trust*

*Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183 [1982]; *City of New York v Kraus*, 110 AD3d 755, 756-757 [2013]; *European Am. Bank v Harper*, 163 AD2d 458, 461 [1990]).

The Supreme Court should have granted that branch of the motion of Grand Pacific which was for summary judgment dismissing the Bobker respondents' second counterclaim, which alleged breach of a fiduciary duty arising from a joint venture or partnership, and those branches of the separate motions of the additional cross claim defendant Belton Lee and the additional cross claim defendants Global One, 366 Madison, and Michael Lin which were for summary judgment dismissing, insofar as asserted against each of them, the Bobker respondents' second cross claim, which also alleged breach of a fiduciary duty arising from a joint venture or partnership. Similarly, that branch of Grand Pacific's motion which was for summary judgment striking so much of the Hale defendants' eighth affirmative defense as alleged breach of fiduciary duty should have been granted. "Generally, where parties have entered into a contract, courts look to that agreement 'to discover . . . the nexus of [the parties'] relationship and the particular contractual expression establishing the parties' interdependency.' 'If the parties . . . do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them' " (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19-20 [2005] [citation omitted], quoting *Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 160, 162 [1993]; *see Oddo Asset Mgt. v Barclays Bank PLC*, 19 NY3d 584, 593 [2012]; *First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1136 [2010]). Here, the written operating agreements submitted in support of the motions demonstrated an intent to form a limited liability company, not a partnership or joint venture that would have given rise to a fiduciary relationship. Moreover, the members of the limited liability company did not share control of the subject development project or responsibility for the losses, which are elements of both a joint venture and a partnership (*see Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317 [1958]; *Massey v Byrne*, 112 AD3d 532, 533 [2013]; *Kaufman v Torkan*, 51 AD3d 977, 979 [2008]; *Rocchio v Biondi*, 40 AD3d 615, 616-617 [2007]; *Accent Assoc. v Wheatley Constr. Corp.*, 268 AD2d 494 [2000]). In opposition to the movants' prima facie showing, the Bobker respondents, who relied on the same operating agreements, failed to raise a triable issue of fact.

Further, Grand Pacific, Global One, 366 Madison, Lin, Lee, and the additional cross claim defendant United Asian Funds,

LLC (hereinafter United Asian), demonstrated their prima facie entitlement to judgment as a matter of law dismissing the Bobker respondents' fraud claims. The evidence submitted in support of the motions established, prima facie, that the Bobker respondents could not have reasonably relied on alleged oral representations concerning the mortgage, the associated note, and the operating agreements (*see Bontempts v Aude Constr. Corp.*, 98 AD3d 1071, 1073 [2012]; *Group 88, Inc. v AGA Capital NY, Inc.*, 59 AD3d 493, 494 [2009]; *Stone v Schulz*, 231 AD2d 707, 708 [1996]). Additionally, "the loss of an alternative contractual bargain . . . cannot serve as a basis for fraud or misrepresentation damages" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422 [1996]; *see Route 217, LLC v Greer*, 119 AD3d 1018 [2014]). The submissions in support of the motions also demonstrated that, contrary to the Bobker respondents' allegation, Grand Pacific did not fail to disclose its relationship with Global One and 366 Madison. Since the Bobker respondents did not raise a triable issue of fact in opposition to the movants' prima facie showing, the Supreme Court should have granted those branches of Grand Pacific's motion which were for summary judgment dismissing the Bobker respondents' first counterclaim, which was to recover damages for fraud, and striking the Hale defendants' ninth affirmative defense and so much of the eighth affirmative defense as alleged fraud, as well as those branches of the separate motion of Global One, 366 Madison, Lin, Lee, and United Asian which were for summary judgment dismissing, insofar as asserted against them, the Bobker respondents' first cross claim, which was to recover damages for fraud.

The Supreme Court also should have granted those branches of Grand Pacific's motion which were for summary judgment striking the Hale defendants' fourth and seventh affirmative defenses, and so much of the eighth affirmative defense as alleged breach of contract. In opposition to Grand Pacific's prima facie showing of entitlement to judgment as a matter of law striking those affirmative defenses, the Hale defendants did not substantiate those conclusory affirmative defenses with factual allegations (*see* CPLR 3013; *Katz v Miller*, 120 AD3d 768 [2014]), and, thus, failed to raise a triable issue of fact.

The parties' remaining contentions either need not be reached in light of our determination, or are without merit. Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.