*403 OPINION OF THE COURT
Martin E. Ritholtz, J.
In a renowned song, popularized by singer Dinah Washington, the opening lyrics proclaim: “What a Difference a Day Makes, Twenty-four little hours.” As demonstrated by the facts of this case, a wait of a few days in making a mortgage payment — that to some and to defendant mortgagor may have seemed minuscule — can potentially have devastating and catastrophic events. As a result of a late monthly payment of a mortgage by defendant mortgagor Karen C. Mabry, plaintiff BNH Caleb 14 LLC, the assignee of a mortgage note from the mortgagee Greenpoint Mortgage Funding, Inc., seeks to foreclose on a mixed use property located at 113-33 Farmers Boulevard, St. Albans, NY 11412, located in Queens County.
Under the clear terms of the mortgage note, all payments had to be made on the first of each month. The check for the payment due on April 1, 2014, was not written until April 8, 2014, and was allegedly not received by plaintiff until April 14, 2014. The mortgage note allowed only a 10-day grace period. Contrary to BNH’s claims, the mortgage note is not plainly clear on a “Grace Period.” Nowhere is there a phrase, placed in boldface or otherwise, that defines a “Grace Period” as a 10-day period. Instead, the note, dated August 22, 2005, states:
“1. In the event that any payment shall become overdue for a period of 10 days, a late charge of five percent (5%) of the total monthly payment of principal, interest and escrow so overdue may be charged by the Lender for the purpose of defraying the expense incident to handling such delinquent payment.”
It would appear that paragraph 5 of the mortgage note assumes that a “Grace Period” had been clearly defined when it states that, in the event of a default, “including any grace period set forth therein,” the payment of the “whole of the Principal Sum . . . shall, forthwith or thereafter, at the option of the lender, become due and payable.”
Mabry’s check, dated April 8, 2014, made to the order of plaintiffs counsel, Harry Zubli, Esq., was allegedly received on April 14, and endorsed by him to another entity on April 24, 2014, according to the back of the check. Mabry did not include a late fee of $118.15. For this failure by Mabry to include a monthly late fee of 5% — namely 5% of $2,363.42 or approximately $118.15 — BNH seeks to accelerate the entire sum *404 due and foreclose on the mortgage, notwithstanding the fact that Zubli did not reject the payment, but, instead, endorsed it to his client, and it was accepted and deposited.
The very next month, a late payment by the defendant mortgagor was rejected by the plaintiff mortgagee. The plaintiff, by its counsel, Harry Zubli, Esq., sent out a letter to defendant mortgagor, deeming her in default under the mortgage note and accelerating all other payments. Mr. Zubli, by letter dated May 13, 2014, rejected the May 2014 mortgage payment which was offered on a check written on May 10. Although not raised by either party, the court notes that the check written by Mabry — from a different account and bank than the one sent out a month earlier — was improperly dated, reciting “May 10, 2013,” instead of 2014. Having rejected the May check, not for the improper date, but for the alleged lateness coupled with the failure to include the $118.15 in the prior month’s alleged lateness, BNH seeks to foreclose on the mortgage, thus moving for summary judgment in this foreclosure litigation.
The law of New York in this area, in short, is fact specific. The Appellate Division, Third Department, in New York Guardian Mortgagee Corp. v Olexa (176 AD2d 399, 401 [1991]), in pertinent part, stated: “The law is clear that when a mortgagor defaults on loan payments, even if only for a day, a mortgagee may accelerate the loan, require that the balance be tendered or commence foreclosure proceedings, and equity will not intervene” (quoted with approval in Home Sav. of Am. v Isaacson, 240 AD2d 633, 633 [2d Dept 1997]).
The Appellate Division, Second Department, in the last cited case, Home Sav. of Am. v Isaacson (240 AD2d 633, 633 [1997]), held that the appellant mortgagor did not tender the entire balance due within the relevant contractual time so as to stave off foreclosure.
Notwithstanding the aforementioned holdings, the Appellate Division, in several cases, has held that a summary judgment motion should be denied where the mortgagor asserts a valid defense, including tender of the entire amount then due, the mortgagee’s opportunistic bad faith, or an unconscionable act. (See e.g. Grand Pac. Fin. Corp. v 97-111 Hale, LLC, 123 AD3d 764 [2d Dept 2014] [fact issues existed as whether mortgagee acted in bad faith and engaged in oppressive and unconscionable conduct]; New York Guardian Mortgagee Corp. v Olexa, 176 AD2d at 402; European Am. Bank v Harper, 163 AD2d *405 458, 461 [2d Dept 1990] [equitable remedy of foreclosure may be denied to prevent overreaching or other unconscionable conduct by mortgagee]; Di Matteo v North Tonawanda Auto Wash, 101 AD2d 692, 692 [4th Dept 1984] [“Unconscionability on the part of the mortgagee, however, has long been recognized as a defense to enforcement of an acceleration provision”], appeal dismissed 63 NY2d 675 [1984].)
In Di Matteo v North Tonawanda Auto Wash (101 AD2d 692 [1984], supra) the Appellate Division found that an inadvertent default by the mortgagor raised factual questions that might prevent foreclosure. The monthly mortgage installments in Di Matteo were due on the first day of the month, with a seven-day grace period. A monthly mortgage payment was timely written, but later found to have been made on insufficient funds. The mortgagor claimed that had the check been deposited when issued, it would have cleared. The mortgagor also claimed, in that case, that the mortgagee gave no opportunity to cure the default.
The Supreme Court in Di Matteo granted the mortgagee’s motion for summary judgment. In a substantial modification, basically amounting to a reversal, the Fourth Department ruled that summary judgment should not have been granted to either party, invoking the defense of unconscionability. The appellate court stated:
“Defendant here has attempted to show that its default was the result of innocent and inadvertent mistake and, by implication at least, that it attempted to cure the default upon learning of it. Defendant claims that its default resulted from error in the balancing of its checking account, and that plaintiffs were but slightly inconvenienced with respect to only one installment payment. There has been no showing that the default prejudiced plaintiffs in any way. Defendant, therefore, has raised factual questions which, if resolved in its favor, could prevent foreclosure.” (Di Matteo v North Tonawanda Auto Wash, 101 AD2d at 693.)
Just as in Di Matteo, there has been no showing in the case at bar that the mortgagee was prejudiced in any way by the late payment.
Plaintiff BNH, in the present case, has established its prima facie case for foreclosure on its motion for summary judgment, under the current facts. (See Grand Pac. Fin. Corp. v 97-111 *406 Hale, LLC, 123 AD3d at 766.) In opposition to the movant’s prima facie showing, defendant Mabry has demonstrated a lack of any prejudice by the plaintiff in the late mortgage payment or that the default prejudiced the plaintiff in any way. (See Di Matteo v North Tonawanda Auto Wash, 101 AD2d at 693.)
Concerning New York Court of Appeals decisions relating to the enforceability of acceleration clauses, compare 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc. (24 NY3d 528 [2014] [tenant entitled to hearing on whether collection of undiscounted acceleration rent was an enforceable penalty]), with Fifty States Mgt. Corp. v Pioneer Auto Parks (46 NY2d 573 [1979] [equity will not intervene in a provision in 20-year lease term between commercial parties providing for the acceleration of the rent due for the entire lease term upon the tenant’s default in a monthly rent installment]). See discussion in 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc. (24 NY3d at 534), distinguishing Fifty States Mgt. Corp. v Pioneer Auto Parks (46 NY2d at 575-578).
In this court’s opinion, defendant Mabry has set forth a meritorious defense based upon the unconscionability of the plaintiff BNH, whose attorney, Mr. Zubli, accepted the April 2014 check and caused it to be deposited. Instead of defaulting on a previous occasion, Mabry, in fact, had been lulled into a sense of belief that her tardy payment would be accepted, albeit with the imposition of additional late fees. (See exhibit G to moving affirmation of Mr. Zubli, letter to Mabry dated Aug. 19, 2013.) No warning had previously been given her that future late payments would result in default.
This case shows, as alluded by the court’s opening paragraph, that in mortgage foreclosure cases, a day’s passage may, indeed, make a very big difference. This court, however, will not lend its imprimatur to a stratagem designed to accelerate an entire loan balance and deprive the mortgagor of her real property for the failure to include a late fee of $118.15. The branch of plaintiff BNH’s motion seeking summary judgment is, therefore, denied.
The branch of plaintiff BNH’s motion seeking an amendment of the caption is granted. Since Mabry did not object specifically to the branch of BNH’s motion seeking an amendment, her silence is treated as an acquiescence to the relief requested. (See Matter of Agoglia v Benepe, 84 AD3d 1072, 1075 [2d Dept 2011].) In this regard, the court has checked the affidavits of *407 service to verify that Maxine on the Boulevard, Inc., 113-33 Farmers Boulevard, St. Albans, NY 11412 was previously served as John Doe No. 1 and also served with the present motion papers.
Henceforth, the caption of the case shall read as follows:
BNH CALEB 14 LLC, Index No. 709317/2014
Plaintiff,
- against -
KAREN C. MABRY and MAXINE ON THE BOULEVARD, INC.,
Defendants.
The Clerk of the Court is directed is to make such amendments to the file as may be required, reflecting the foregoing change in caption. Plaintiff BNH’s motion is thus granted only to the extent of granting the branch of its motion to amend the caption.