HSBC Bank USA, N.A. v Campbell-Antoine (2020 NY Slip Op 00578)





HSBC Bank USA, N.A. v Campbell-Antoine


2020 NY Slip Op 00578


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-10614
2018-10036
 (Index No. 13813/12)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Eloise Campbell-Antoine, etc., appellant, et al., defendants.


Alter & Barbaro, Brooklyn, NY (Bernard M. Alter and Troy J. Lambert of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal, Chava Brandriss, and Leah Edmunds of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eloise Campbell-Antoine appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 9, 2016, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered April 5, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Eloise Campbell-Antoine, to strike that defendant's answer, and for an order of reference. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Eloise Campbell-Antoine, to strike that defendant's answer, and for an order of reference are denied, and the order entered August 9, 2016, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Eloise Campbell-Antoine.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On or about November 6, 2012, the plaintiff, HSBC Bank USA, National Association, commenced this action against the defendant Eloise Campbell-Antoine, among others, [*2]to foreclose a mortgage on residential property located in Nassau County. Campbell-Antoine interposed an answer generally denying the allegations in the complaint and asserting various affirmative defenses, including lack of standing and failure to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Campbell-Antoine, to strike her answer, and for an order of reference. In an order entered August 9, 2016, the Supreme Court granted the plaintiff's motion. Subsequently, in an order and judgment of foreclosure and sale entered April 5, 2018, the court, inter alia, confirmed the referee's report and directed the sale of the property. Campbell-Antoine appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). When a defendant has placed standing in issue, the plaintiff also must establish proper standing as part of its prima facie case (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684).
Here, the plaintiff asserts that it was the holder of the note at the time that it commenced this action. The note was not attached to the summons and complaint. In support of its motion for summary judgment, the plaintiff submitted the note, which contains an undated endorsement in blank, as well as affidavits from two vice presidents of loan documents for its loan servicer, Wells Fargo Bank, N.A. (hereinafter Wells Fargo). In both affidavits, sworn to December 5, 2014, and April 10, 2015, respectively, each vice president stated that review Wells Fargo's business records relating to the subject mortgage loan had confirmed that the plaintiff was in possession of the note prior to November 7, 2012. Neither one identified the documents reviewed or any basis for the conclusion that the plaintiff was in possession of the note more than two years prior to the subject review of Wells Fargo's files. The only document relevant to this issue attached to either affidavit was a copy of the note with the undated endorsement in blank. Under these circumstances, the affidavits constituted inadmissible hearsay and lacked any probative value (see Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139, 1141; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 943; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Consequently, the plaintiff failed to establish its standing to commence this action.
Similarly, the plaintiff also failed to establish Campbell-Antoine's default in repayment of the subject loan (see Federal Natl. Mtge. Assn. v Brottman, 173 AD3d at 1141; Wells Fargo Bank, N.A. v Kohli, 173 AD3d at 943; Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209).
The plaintiff also failed to establish, prima facie, its strict compliance with RPAPL 1304. Specifically, the affidavit of mailing and the mailing manifest submitted by the plaintiff failed to establish proof of the actual mailing of the RPAPL 1304 notice (see U.S. Bank N.A. v Cope, 175 AD3d 527, 529-530; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Campbell-Antoine, to strike her answer, and for an order of reference.
In light of our determination, we do not reach the plaintiff's remaining contention.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court