Countrywide Home Loans Servicing, L.P. v Vorobyov (2020 NY Slip Op 06492)





Countrywide Home Loans Servicing, L.P. v Vorobyov


2020 NY Slip Op 06492


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-13303
 (Index No. 8175/09)

[*1]Countrywide Home Loans Servicing, L.P., appellant,
v
Mykhaylo Vorobyov, et al., respondents, et al., defendants.


Bryan Cave Leighton Paisner LLP, New York, NY (Robert N. Rothberg, Suzanne M. Berger, and Elizabeth Goldberg of counsel), for appellant.
Karasik Law Group, P.C., Brooklyn, NY (Alexander Karasik of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 20, 2017. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Mykhaylo Vorobyov and Iryna Vorobyova and dismissing their affirmative defenses and counterclaims, for an order of reference, for leave to amend the caption to substitute Bank of America, N.A., as the plaintiff in the action and to delete the name "John Doe" as a defendant, and for leave to enter a default judgment against the remaining defendants.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the second, sixth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twenty-first affirmative defenses, as well as the counterclaims, asserted by the defendants Mykhaylo Vorobyov and Iryna Vorobyova, and substituting therefor a provision granting those branches of the motion, (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the caption to substitute Bank of America, N.A., as the plaintiff in the action and to delete the name "John Doe" as a defendant, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter a default judgment against all of the defendants other than Mykhaylo Vorobyov and Iryna Vorobyova, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants Mykhaylo Vorobyov and Iryna Vorobyova.
On March 20, 2007, the defendant Mykhaylo Vorobyov executed a note in favor of America's Wholesale Lender. The note was secured by a mortgage signed by Mykhaylo and the defendant Iryna Vorobyova, encumbering a residential condominium unit in Brooklyn. In April 2009, the plaintiff commenced this action against Mykhaylo and Iryna, among others, to foreclose the mortgage. Those defendants interposed an answer to the complaint in which they asserted various affirmative defenses, including lack of standing, and counterclaims. Thereafter, the plaintiff [*2]moved for summary judgment on the complaint insofar as asserted against Mykhaylo and Iryna and dismissing their affirmative defenses and counterclaims, for an order of reference, for leave to amend the caption to substitute Bank of America, N.A. (hereinafter BANA), as the plaintiff in the action and to delete the name "John Doe" as a defendant, and for leave to enter a default judgment against the remaining defendants. In an order dated September 20, 2017, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). When a defendant has placed standing in issue, the plaintiff also must establish standing as part of its prima facie case (see Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873; HSBC Bank USA, N.A. v Campbell-Antoine, 179 AD3d 1043, 1044). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684).
In support of its motion, the plaintiff, to establish its standing to commence this action, submitted the note, which contained an undated endorsement in blank, and an affidavit from Jamie Cooper, an officer of the loan servicer. Cooper stated, based upon his review of the servicer's books, records, and files relating to the subject loan, that the "[p]laintiff received the original wet ink Note on or about March 26, 2007 and the original recorded Mortgage shortly thereafter," and that the "[p]laintiff had physical possession of the Note . . . at the time the action was commenced on April 3, 2009." However, Cooper based his statements upon his review of unspecified business records without attaching or otherwise incorporating such business records to his affidavit. "Evidence as to the content of business records is admissible only where the records themselves are introduced; without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1021; see Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139, 1141). Thus, the assertions by Cooper as to the contents of records were inadmissible without the submission of the records themselves (see American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632, 633; HSBC Bank USA, N.A. v Campbell-Antoine, 179 AD3d at 1045; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1021). The plaintiff did not attach a copy of the note to the complaint when commencing this action. Therefore, the plaintiff failed to establish, prima facie, that it had standing to commence this action, and we agree with the Supreme Court's determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Mykhaylo and Iryna and dismissing their affirmative defenses related to standing.
However, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment dismissing the second, sixth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twenty-first affirmative defenses, as well as the counterclaims, asserted by Mykhaylo and Iryna. The plaintiff demonstrated, prima facie, that those affirmative defenses and counterclaims were either without merit, or were conclusory in nature and contained no factual allegations (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664-665; Emigrant Bank v Myers, 147 AD3d 1027, 1028). In opposition, Mykhaylo and Iryna failed to raise a triable issue of fact.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the caption to substitute BANA as the plaintiff in the action and to delete the name "John Doe" as a defendant (see CPLR 1018; GMAC Mtge., LLC v Yorke, 175 AD3d 1498, 1500).
We also disagree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the remaining defendants. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (U.S. Bank, N.A. v Razon, 115 AD3d 739, 740; see CPLR 3215[f]). Here, the plaintiff satisfied these requirements (see HSBC Bank USA, N.A. v [*3]Clayton, 146 AD3d 942, 944). Since the remaining defendants defaulted in appearing or answering the complaint, they never raised the defense of standing. Accordingly, it was unnecessary for the plaintiff to demonstrate that it had standing to commence this action in order to establish its entitlement to a default judgment against the remaining defendants (see First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865; see also US Bank N.A. v Nelson, 169 AD3d 110, 114; cf. Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 901).
The plaintiff's remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court