Avelo Mtge., LLC v Stewart (2026 NY Slip Op 01481)

Avelo Mtge., LLC v Stewart

2026 NY Slip Op 01481

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2024-06812
 (Index No. 8633/07)

[*1]Avelo Mortgage, LLC, appellant, 
vJennifer Stewart, et al., defendants, Daphne Thomas, respondent.

Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated March 27, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment dismissing the third, fourth, and fifth affirmative defenses and the counterclaims of the defendant Daphne Thomas.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment dismissing the third, fourth, and fifth affirmative defenses and the counterclaims of the defendant Daphne Thomas are granted.
On January 18, 2006, Jennifer Stewart (hereinafter the borrower) executed a note in the amount of $456,000 in favor of First National Bank of Arizona (hereinafter First National). The note was secured by a mortgage on certain real property located in Brooklyn, which was formerly owned by the defendant Daphne Thomas (hereinafter the defendant). On March 13, 2007, the plaintiff, Avelo Mortgage, LLC, First National's purported successor in interest, commenced the instant action to foreclose the mortgage against the defendant and the borrower, among others. In a judgment of foreclosure and sale dated October 24, 2014, the Supreme Court, inter alia, directed the sale of the subject property.
Subsequently, in an order dated January 11, 2017, the Supreme Court vacated the judgment of foreclosure and sale, canceled the foreclosure sale, and granted the defendant, who alleged to be the rightful owner of the property, leave to submit a late answer. The defendant interposed an answer asserting certain affirmative defenses. As relevant here, the third, fourth, and fifth affirmative defenses alleged that First National "was aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue," that such an inquiry would have revealed "evidence of fraud," and that "the plaintiff [was] in possession of documents regarding its lack of entitlement to bona fide encumbrancer status." The defendant also asserted two counterclaims, both of which sought to cancel the mortgage as fraudulent.
The plaintiff moved, among other things, for summary judgment dismissing the defendant's third, fourth, and fifth affirmative defenses, as well as the defendant's counterclaims. In an order dated March 27, 2024, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
The plaintiff met its initial burden on those branches of its motion which were for summary judgment dismissing the third, fourth, and fifth affirmative defenses and the counterclaims of the defendant by demonstrating, prima facie, that those affirmative defenses and the counterclaims were conclusory in nature and contained no factual allegations (see CPLR 3211[e]; CPLR 3016[b]; Star201, LLC v Duran, 233 AD3d 726, 728; Eva Chen Fine Jewelry, Inc. v Recovery Racing IX, LLC, 222 AD3d 840, 842; US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 722; Countrywide Home Loans Servicing, L.P. v. Vorobyov, 188 AD3d 803, 805).
In opposition, the defendant failed to raise a triable issue of fact. In opposing the motion, the defendant relied upon her affidavit, in which she averred that, after falling behind on mortgage payments, she sought help from her brother who advised her to transfer the property for one year to a "straw buyer" in order to obtain a lower interest rate. The defendant then attended a closing at which she, allegedly unwittingly, signed a deed transferring the property to the borrower, who obtained the mortgage, purportedly without the defendant's knowledge. The defendant averred that she "believe[d] that the bank that issued the loan knew or should have known about the scheme that resulted in [the borrower] obtaining a mortgage and encumbering [her] home." These conclusory and speculative allegations regarding the knowledge and conduct of First National were insufficient to raise a triable issue of fact on the third, fourth, and fifth affirmative defenses challenging the plaintiff's status as a bona fide encumbrancer or on her counterclaims against the plaintiff to cancel the mortgage as fraudulent (see Grand Pac. Fin. Corp. v 97-111 Hale, LLC, 123 AD3d 764, 768; Archer Capital Fund, L.P. v GEL, LLC, 95 AD3d 800, 802; see also GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 571).
Accordingly, the Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment dismissing the third, fourth, and fifth affirmative defenses and the counterclaims of the defendant.
In light of our determination, we need not reach the plaintiff's remaining contentions.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court