■ DRAGON HEAD LLC, Appellant, v STEVEN MUNRO ELKMAN et al., Respondents, et al., Defendant. [987 NYS2d 60]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 23, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

While plaintiff is correct that separate writings can be considered together when they evince an intent to forward the same transaction or purpose (*see Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197 [1941]), that does not avail it, since two of the written agreements at issue expressly contradict the overarching purpose it seeks to establish through parol evidence (*see Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 56-57 [1953]). The third writing is characterized by precatory language, such as, "It is the intention of [the parties]" and "The goal is" to effect certain acts. Given this language, combined with the number of agreements yet to be negotiated that this third writing contemplates, the third writing is an unenforceable agreement to agree (*see IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 214 [2009]). Even if the third writing were an enforceable contract, we would affirm the dismissal of the complaint, since plaintiff failed to show a breach of the "break-up" provision. The plain language of that provision demonstrates that the provision is triggered only by the death or incapacity of one of the signatories. Concur—Tom, J.P., Renwick, Andrias, Freedman and Clark, JJ.