■ LUXOR CAPITAL GROUP, L.P., et al., Appellants, v THE SEAPORT GROUP LLC et al., Respondents. (And a Third-Party Action.) [50 NYS3d 70]—

Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 18, 2016, which, respectively, denied plaintiffs' motion for summary judgment, and granted defendants' motion for summary judgment dismissing the amended complaint, unanimously affirmed, with costs.

The motion court correctly dismissed the amended complaint alleging breach of contract, as there was no binding, enforceable contract. The instant messages exchanged between the parties reflect that the transaction at issue was "subject to language" to be agreed upon, and was contingent upon "mutually satisfactory documentation." Further, plaintiff Luxor Capital Group, L.P.'s internal communications and actions reflect an intent not to be bound absent execution of various documents and receipt of additional information, and the record shows that Luxor never received those documents and information (*see Kowalchuk v Stroup*, 61 AD3d 118, 121 [1st Dept 2009]; *Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423, 426 [1st Dept 2010], *lv denied* 15 NY3d 704 [2010]).

The Court of Appeals' decision in *Stonehill Capital Mgt. LLC*

*v Bank of the W.* (28 NY3d 439 [2016]) does not compel any result to the contrary. Here, in contrast to *Stonehill*, the documents to be executed was not between plaintiffs and defendants. Rather, in this case, the document was to be executed by plaintiffs and a third-party seller; indeed, the parties did not even discuss the document before agreeing to the trade. Moreover, unlike in *Stonehill*, the totality of the circumstances here does not reflect any certainty as to the existence of an enforceable agreement.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ. ■