Gedula 26, LLC v Lightstone Acquisitions III LLC (2023 NY Slip Op 00486)

Gedula 26, LLC v Lightstone Acquisitions III LLC

2023 NY Slip Op 00486

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Index No. 653977/14 Appeal No. 17241 Case No. 2022-00975 

[*1]Gedula 26, LLC, et al., Plaintiffs-Respondents-Appellants,
v
Lightstone Acquisitions III LLC, et al., Defendants-Appellants-Respondents.

Rosenberg & Estis, P.C., New York (Alexander Lycoyannis of counsel), for appellants-respondents.
Coritsidis & Lambros, PLLC, New York (Jeffrey A. Gangemi of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 22, 2021, which denied the parties' respective motions for summary judgment, unanimously modified, on the law, to grant summary judgment to plaintiffs as to liability on the third and fourth causes of action in the amended complaint for unlawful eviction and breach of the parties' post-closing occupancy agreement, and otherwise affirmed, without costs.
Consonant with our determination on a previous appeal in this case relating to a motion to dismiss the original complaint (150 AD3d 583 [1st Dept 2017]), plaintiffs have raised a narrow question of fact on their breach of contract and repudiation claims as to whether defendants intended for the terms in the November 18, 2014 email to constitute a binding offer for plaintiffs' purchase of a 25% equity interest in the hotel business on the terms set forth in the email, which, plaintiffs assert, they accepted (see e.g. WPP Group USA v Interpublic Group of Cos., 228 AD2d 296, 297 [1st Dept 1996]; see also Rawald v Dormitory Auth. of the State of N.Y., 199 AD3d 477, 478 [1st Dept 2021]).
As the motion court properly determined in denying summary judgment to both parties on the contract claims, "the statute of frauds . . . does not render void oral partnership or joint venture agreements to deal in real property" (Livathinos v Vaughan, 121 AD3d 485, 486 [1st Dept 2014]). This case is distinguishable from the statute of frauds cases Gora v Drizin (300 AD2d 139 [1st Dept 2002]) and Magnum Real Estate Servs., Inc. v 133-134-135 Assoc., LLC (59 AD3d 362 [1st Dept 2009]), where, as here, plaintiffs' sale of the real property to defendant 485 Seventh Avenue Associates LLC (485 Seventh) was the subject of a separate purchase and sale agreement (PSA). Here, plaintiff did not sell 100% of the real property to 485 Seventh under the PSA and then seek to subsequently retain a 25% interest in the real property in a separate transaction. Rather, plaintiff alleges that it intended to form a joint venture to obtain an interest in the hotel business to be operated at the real property (see e.g. Ackerman v Landes, 112 AD2d 1081, 1083 [2d Dept 1985] ["it is questionable whether the agreement alleged by plaintiffs can be characterized as one to acquire an interest in real property, as the alleged agreement contemplated the eventual purchase of a business, not merely the real property owned by that business"]). We also reject defendants' argument raised in their earlier appeal that the PSA's merger clause in section 20 bars the putative joint venture agreement, as it is well settled that a merger clause will not "preclude a breach of contract claim based on a subsequent additional agreement" (Cathy Daniels, Ltd. v Weingast, 91 AD3d 431, 434 [1st Dept 2012]). Because a question of fact remains with respect to the contract claims, we do not reach the question of whether the putative agreement was repudiated by defendants or whether plaintiffs' damages [*2]calculation was to be credited (see Wathne Imports, Ltd. v PRL USA, Inc., 101 AD3d 83, 87-89 [1st Dept 2012]).
The motion court should have found as a matter of law that defendants committed an unlawful eviction that breached the parties' agreement to allow plaintiffs to remain in the building for six months post-closing (Okeke v Ewool, 106 AD3d 709, 710 [2d Dept 2013]). The record establishes that despite defendants' email to their property managers on November 19, 2014 that plaintiffs would remain in the building for six months, defendants issued a notice to quit on December 12, 2014 with a deadline of December 31, 2014 to quit the premises. On December 17, 2014, well before the deadline in the notice, defendants locked plaintiffs' employees out of their occupied spaces in the building. Because it is undisputed that the illegal lockout caused plaintiffs to lose a day of business, plaintiffs should be permitted to prove their damages based on the unlawful eviction and breach of the post-closing occupancy agreement (see 1414 Holdings, LLC v BMS-PSO, LLC, 116 AD3d 641, 643 [1st Dept 2014]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023