Maxgain LLC v Rai (2023 NY Slip Op 06444)

Maxgain LLC v Rai

2023 NY Slip Op 06444

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 152874/21 Appeal No. 1224-1225 M-04400 Case No. 2022-04667, 2022-04668 

[*1]Maxgain LLC, Plaintiff-Respondent,
v
Sumit Rai, et al., Defendants-Appellants. 

The Zweig Law Firm, P.C., Cedarhurst (Jonah S. Zweig of counsel), for appellants.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.

Judgment, Supreme Court, New York County (Suzanne J. Adams, J.), entered September 28, 2022, awarding damages in favor of plaintiff and against defendants, and bringing up for review an order, same court and Justice, entered September 13, 2022, which granted plaintiff's motion to dismiss defendants' affirmative defenses and for summary judgment on all its causes of action, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, with costs, as subsumed in the appeal from the judgment.
Plaintiff seeks to recover rent arrears of $202,000 and other amounts owed by defendant SVN, the tenant, pursuant to a residential lease for a condominium unit. Defendants do not dispute that tenant owed rent under the lease but assert that plaintiff was not entitled to summary judgment because issues of fact exist concerning whether the parties entered into a binding settlement agreement through a phone call and an exchange of text messages which superseded and terminated the lease.
The lease provides that it can only be ended in a writing, signed by tenant and plaintiff (see General Obligations Law § 15-301[1]). In a text exchange, plaintiff's manager and defendant Sumit Rai, on behalf of tenant, agreed on a "settlement amount" of $143,000 and that tenant's security deposit could be applied to that amount. Rai stated he would draft the agreement and plaintiff's manager stated that he would have to inspect the unit before signing the deal. Later that day, plaintiff's manager advised Rai that plaintiff did not agree to the proposed settlement terms. In these circumstances, the motion court properly concluded that the exchange of texts did not contain all material terms of a settlement agreement (see Matter of Philadelphia Ins. Indem. Co. v Kendall, 197 AD3d 75, 81 [1st Dept 2021]). Furthermore, since the parties indicated they did not intend to be bound until an agreement was drafted and signed, these text messages could not constitute a contract (see Luxor Capital Group, L.P. v Seaport Group LLC, 148 AD3d 590, 590 [1st Dept 2017]; Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]). Accordingly, the exchange of texts was only an unenforceable "agreement to agree" (see Dragon Head LLC v Elkman, 118 AD3d 424, 425 [1st Dept 2014]), which does not provide a defense to plaintiff's claims.
We have considered defendants' remaining arguments and find them unavailing. M 2023-04400 Maxgain LLC v Sumit Rai et al
Motion for a stay pending appeal, denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023