Gedula 26, LLC v Lightstone Acquisitions III LLC (2025 NY Slip Op 05571)

Gedula 26, LLC v Lightstone Acquisitions III LLC

2025 NY Slip Op 05571

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ.

Index No. 653977/14|Appeal No. 4904-4905|Case No. 2024-04317 2025-00314|

[*1]Gedula 26, LLC, et al., Plaintiffs-Appellants,

v

Lightstone Acquisitions III LLC, et al., Defendants-Respondents.

Coritsidis & Lambros, PLLC, New York (Jeffrey A. Gangemi of counsel), for appellants.

Baughman Kroup Bosse PLLC, New York (John F. Baughman of counsel), for respondents.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered December 4, 2024, dismissing plaintiffs' first and second causes of action for breach of contract and repudiation, and bringing up for review an order, same court and Justice, entered June 13, 2024, which, after a bench trial, and to the extent appealed from, dismissed the first and second causes of action, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, with costs, as subsumed in the appeal from the judgment.

This Court previously affirmed Supreme Court's denial of the parties' respective motions for summary judgment (see Gedula 26, LLC v Lightstone Acquisitions III LLC, 213 AD3d 409, 409 [1st Dept 2023]), because there remained questions of fact as to whether defendants intended for the terms of an internal November 18, 2014 email— referred to by the parties as the Landau email—to constitute a binding offer for plaintiffs' purchase of a 25% equity interest in defendants' hotel business on the terms set forth in the email, which, plaintiffs assert, they accepted. However, after a five-day bench trial, the record supports Supreme Court's finding that no agreement was reached because defendants' position was always that any partnership terms could not be finalized until after the closing, and after defendants' capital stack was finalized.

The weight of the evidence was not overcome by plaintiffs' member's assertion that he was handed a copy of the Landau email, and he accepted those terms. No contract was objectively formed where, as here, the terms are insufficiently definite and left open for future agreement (see Luxor Capital Group, L.P. v Seaport Group LLC, 148 AD3d 590, 590 [1st Dept 2017], lv denied 30 NY3d 905 [2017]; cf. Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 449 [2016]).

Defendants' characterization of the Landau email as "talking points" for discussion rather than a definite offer is supported by the Landau email itself. It is an internal email with no indication that it was intended to be disseminated or used as the basis for a firm offer. Plaintiffs' member testified that he was never asked to sign anything and did not follow up in writing. As defendants' in-house counsel testified, the parties never established what plaintiffs' equity contribution for the partnership would be, nor did plaintiffs' member offer to pay anything. The Landau email itself left "other rights and obligations" to be determined by the parties.

Additionally, nothing in the record would have enabled plaintiffs' member to calculate what he would pay based on the Landau email. The relevant term permitting a special purpose entity controlled by plaintiffs' member to acquire "25% of the equity ownership interest in the Property Owner that is retained by" defendants was not sufficiently definite because, as the term goes on to state, it was premised on defendants' future ability and election "to finalize the organizational structure of the property owner."

The court properly determined that a preponderance of the evidence did not support plaintiffs' claims for breach of contract and repudiation because plaintiffs did not meet their burden to establish a firm offer and a mutual intent to be bound (see Wu v Uber Tech., Inc., 43 NY3d 288, 298-299 [2024]). Although generally speaking, "[a] price term may be sufficiently definite if the amount can be determined objectively without the need for new expressions by the parties" (Borden LP v TPG Sixth St. Partners, 191 AD3d 554, 555 [1st Dept 2021]), that was not the case here. Rather, the Landau email's reference to future entities to be formed and organized at a future date undermines plaintiffs' contention that the internal email was intended to be a firm offer.

The Court need not reach the issue of whether the motion court improvidently credited the testimony of defendants' witnesses or whether certain testimony was hearsay. Even if the challenged testimony were precluded, the record would remain devoid of sufficient evidence to show that defendants intended the Landau email to constitute a binding offer.

Based on the foregoing, we need not reach plaintiffs' arguments relating to purported damages or the repudiation of the agreement, as an agreement was never formed.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 9, 2025