■ SKLOVER & DONATH, LLC, Respondent, v BARBARA EBER-SCHMID et al., Appellants. [897 NYS2d 62]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered September 4, 2009, which granted plaintiff's motion to dismiss defendants' counterclaims, unanimously affirmed, without costs.

Plaintiff law firm represented defendants in a federal civil action and state criminal action arising out of defendants' misappropriation of funds from defendant wife's prior employer. During the course of the representation, these parties renegotiated a fee agreement under which defendants would pay plaintiff a flat rate of $7,500 per month and provide $4,000 in in-kind services. Despite making the monthly payments, defendants failed to pay off the outstanding balance and refused to grant plaintiff a lien on their real property. Plaintiff initiated this action to recover the fees, and withdrew as counsel in the federal action. Defendants asserted counterclaims for breach of contract, legal malpractice, breach of fiduciary and fraud.

Defendants failed to allege a viable counterclaim for breach of contract, as they were unable to identify the terms of the agreement allegedly breached (*767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75 [2004]). Nothing in the modified agreement prohibited plaintiff from requesting a lien on real property, withdrawing as counsel, or commencing an action based on unpaid legal fees.

Nor did defendants properly allege a counterclaim for legal malpractice. The steps plaintiff took in litigating these cases were among many reasonable options (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]). The allegations that plaintiff's decisions were unreasonable are based on hindsight, which is "an unreliable test for determining the past existence of legal malpractice" (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000] [citation omitted]).

As to breach of fiduciary duty, defendants' contention that plaintiff prolonged the litigation for purposes of "churning" the case to increase the legal fees is speculative and conclusory. Defendants failed to otherwise allege any facts showing that their attorney followed any inappropriate course of action.

There was no viable counterclaim for fraud in the absence of facts alleging that plaintiff knew its estimate of legal fees was false at the time it was made (*see Mergler v Crystal Props. Assoc.*, 179 AD2d 177, 181 [1992]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Acosta and Renwick, JJ.