■ MBIA Insurance Corporation et al., Appellants-Respondents, v Merrill Lynch et al., Defendants, and Merrill Lynch International, Respondent-Appellant. [916 NYS2d 54]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 9, 2010, which, to the extent appealed from, granted defendant Merrill Lynch International's motion to dismiss the complaint except as to the fourth cause of action, unanimously modified, on the law, to dismiss the fourth cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint in its entirety.

Plaintiffs' fraud-related claims failed to state a cause of action in light of the specific disclaimers in the contracts, executed following negotiations between the parties, all sophisticated business entities, providing that plaintiff Lacrosse would not rely on defendants' advice, that it had the capacity to evaluate the transactions, and that it understood and accepted the risks (*see Capital Z Fin. Servs. Fund II, L.P. v Health Net, Inc.*, 43 AD3d 100, 111 [2007]; *UST Private Equity Invs. Fund v Salomon Smith Barney*, 288 AD2d 87 [2001]). Given their level of sophistication and the undisputed fact that the information was not exclusively in defendants' possession, plaintiffs' contention that it would have been impractical to conduct the investigation necessary to discern the truth of defendants' allegedly fraudulent representations does not satisfy the requirements of the peculiar knowledge exception (*see Steinhardt Group v Citicorp*, 272 AD2d 255, 257 [2000]).

The cause of action for breach of the implied covenant of good

faith and fair dealing cannot be maintained because it is premised on the same conduct that underlies the breach of contract cause of action and is "intrinsically tied to the damages allegedly resulting from a breach of the contract" (*see Hawthorne Group v RRE Ventures*, 7 AD3d 320, 323 [2004] [internal quotation marks and citation omitted]).

The breach of contract cause of action fails to state a cause of action for breach of the promise to provide subordination protection since there is no such promise in the relevant agreements. Nor does it state a cause of action for breach of the promise to provide AAA-rated securities since it is undisputed that defendants in fact provided securities with AAA ratings. Nowhere in the plain language of the documents does there appear a promise of credit quality.

The court correctly found that plaintiffs could not seek rescission since they failed to demonstrate that they could not be compensated by damages.

Contrary to plaintiffs' argument, the waivers in the financial guaranties agreed to by plaintiff MBIA waived MBIA's defense to payment (*see Red Tulip, LLC v Neiva*, 44 AD3d 204, 209-210 [2007], *lv denied* 10 NY3d 741 [2008]; *Gannett Co. v Tesler*, 177 AD2d 353, 353 [1991]). Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 27 Misc 3d 1233(A), 2010 NY Slip Op 51027(U).]**