■ ART CAPITAL GROUP, LLC, Appellant, v CARLYLE INVESTMENT MANAGEMENT LLC, Respondent. [55 NYS3d 54]—

---

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about April 25, 2016, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff does not adequately plead a claim for breach of a confidentiality agreement. Plaintiff makes vague and conclusory statements that defendant must have used the confidential information it provided regarding the secured art loan business because defendant's principal did not know much about the business prior to speaking with plaintiff and, within the two-year period, defendant set up a competitor. Such allegations are insufficient because plaintiff does not identify what confidential information was allegedly misused by defendant during the two year confidentiality period (*see Parker Waichman LLP v Squier, Knapp & Dunn Communications, Inc.*, 138 AD3d 570 [1st Dept 2016]). Moreover, the confidentiality agreement expressly provided that defendant could do business with a competitor "now (i.e. at the time of the entry of the confidentiality agreement) or in the future," and acknowledged that execution of the confidentiality agreement and receipt of the confidential information would not restrict or preclude such activities (*see Automobile Coverage, Inc. v American Intl. Group, Inc.*, 42 AD3d 405, 407 [1st Dept 2007]).

Plaintiff also failed to adequately allege that there was any violation of the non-solicitation provision of the confidentiality agreement. Plaintiff did not identify any party that it introduced to defendant who then was solicited by defendant following termination of the transaction causing damages to plaintiff.

The court also properly dismissed the implied covenant of good faith and fair dealing claim as duplicative. The allegations in the complaint were premised on the same conduct as the breach of contract claim and were "intrinsically tied to the damages allegedly resulting from a breach of the contract" (*Canstar v Jones Constr. Co.*, 212 AD2d 452, 453 [1st Dept 1995]; *see MBIA Ins. Corp. v Merrill Lynch*, 81 AD3d 419, 420 [1st Dept 2011]). Concur—Richter, J.P., Feinman, Webber and Kahn, JJ.