MD3 Holdings, LLC v Buerkle (2019 NY Slip Op 05445)





MD3 Holdings, LLC v Buerkle


2019 NY Slip Op 05445


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


244 CA 18-01809

[*1]MD3 HOLDINGS, LLC, PLAINTIFF-RESPONDENT-APPELLANT,
v
AUGUST BUERKLE, DEFENDANT-APPELLANT-RESPONDENT. 






MICHAEL J. KAWA, SYRACUSE, FOR DEFENDANT-APPELLANT-RESPONDENT. 
HARRIS BEACH PLLC, SYRACUSE (DAVID M. CAPRIOTTI OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 8, 2018. The order denied in part and granted in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant contracted to purchase a commercial building from plaintiff. The contract included a standard mortgage contingency provision, and a bank subsequently issued defendant a conditional mortgage commitment letter. After receiving the mortgage commitment letter, however, defendant provided the bank with additional projections from his accountant that cast doubt on the financial viability of the planned use of the building. Upon reviewing the accountant's analysis, the bank determined that defendant's "project will be reliant upon the speculative acquisition of an acceptable tenant" and revoked the mortgage commitment. Without financing, the sale could not close.
Plaintiff then commenced this action and asserted two causes of action. The first cause of action alleges that defendant breached the sale contract by wrongfully inducing the bank to withdraw its mortgage commitment, thereby frustrating the contract's financing contingency. The second cause of action alleges that defendant breached his implied duty of good faith and fair dealing by wrongfully inducing the bank to withdraw its mortgage commitment, thereby frustrating the contract's financing contingency. Both causes of action sought identical damages.
Supreme Court, inter alia, initially granted plaintiff's motion for summary judgment on the complaint, but we reversed that order and denied plaintiff's motion, holding that "plaintiff failed to establish as a matter of law that the lender's revocation of the mortgage commitment was attributable to bad faith on the part of [defendant] . . . , rather than to defendant's efforts to honor his duty of fair dealing to the bank by providing it with further information regarding the proposed transaction" (MD3 Holdings, LLC v Buerkle, 159 AD3d 1483, 1484 [4th Dept 2018] [internal quotation marks omitted]).
Defendant then moved for, inter alia, summary judgment dismissing the complaint. The court denied defendant's motion with respect to the first cause of action but granted the motion with respect to the second cause of action. Defendant now appeals only from that part of the order denying his motion for summary judgment dismissing the first cause of action, and plaintiff now cross-appeals from that part of the order granting defendant's motion for summary judgment dismissing the second cause of action. We affirm.
Contrary to defendant's contention on his appeal, the court properly denied his motion insofar as it sought summary judgment dismissing the first cause of action. Even assuming, arguendo, that defendant met his initial burden of demonstrating that he did not act in bad faith, [*2]we conclude that plaintiff raised a triable issue of fact in opposition by submitting defendant's deposition testimony, in which he stated that his "purpose" in providing the bank with his accountant's projections was "to have the commitment letter rescinded" (see Grand Pac. Fin. Corp. v 97-111 Hale, LLC, 123 AD3d 764, 766 [2d Dept 2014]; Massa Constr., Inc. v George M. Bunk, P.E., P.C., 68 AD3d 1725, 1726 [4th Dept 2009]).
Contrary to defendant's further contention, the law of the case as established on the prior appeal does not compel the dismissal of the first cause of action. In holding that plaintiff had not proven, as a matter of law, that defendant acted in bad faith, we determined only that plaintiff had not met its initial burden on its own motion for summary judgment. Plaintiff's failure to establish its entitlement to summary judgment on the complaint does not correspondingly entitle defendant to summary judgment dismissing the complaint (see Sweetman v Suhr, 159 AD3d 1614, 1615-1616 [4th Dept 2018], lv denied 31 NY3d 913 [2018]).
Contrary to plaintiff's contention on its cross appeal, the second cause of action is duplicative of the first because it is "premised on the same conduct as the breach of contract claim and [is] intrinsically tied to the damages allegedly resulting from a breach of the contract" (Art Capital Group, LLC v Carlyle Inv. Mgt. LLC, 151 AD3d 604, 605 [1st Dept 2017] [internal quotation marks omitted]). Thus, the second cause of action was properly dismissed (see Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, 166 AD3d 1137, 1140-1141 [3d Dept 2018]; Utility Servs. Contr., Inc. v Monroe County Water Auth., 90 AD3d 1661, 1662 [4th Dept 2011], lv denied 19 NY3d 803 [2012]; cf. Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976-977 [2d Dept 2016]).
Finally, defendant's contention regarding restitution is outside the scope of his notice of appeal (see Haas v Haas, 265 AD2d 887, 888 [4th Dept 1999]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court