Hammond v Equinox Holdings LLC (2021 NY Slip Op 02457)





Hammond v Equinox Holdings LLC


2021 NY Slip Op 02457


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 155061/19 Appeal No. 13649 Case No. 2020-04381 

[*1]Steven Hammond, Plaintiff-Appellant,
v
Equinox Holdings LLC, Doing Business as Equinox Fitness Club, Doing Business as Equinox et al., Defendants-Respondents, Michael Alexander, Defendant.


The Law Offices of Neal Brickman, P.C., New York (Neal Brickman of counsel), for appellant.
LaRocca Hornick Rosen & Greenberg LLP, New York (Jared E. Blumenti of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about April 27, 2020, which, to the extent appealed from as limited by the briefs, granted defendants Equinox Holdings LLC, doing business as Equinox Fitness Club, doing business as Equinox, and Equinox Wall Street, Inc.'s (together, Equinox) motion to dismiss the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleges that defendant Michael Alexander, an Equinox employee, slandered him when he told another Equinox employee that he had witnessed plaintiff engaging in lewd conduct in an Equinox steam room. Regardless of whether Alexander was on or off duty at the time that he made this statement, Equinox cannot be held liable for the statement under the theory of respondeat superior if Alexander was not acting within the scope of his employment when he made the statement (Seymour v New York State Elec. & Gas Corp., 215 AD2d 971, 973 [3d Dept 1995]; see Eng v NYU Hosps. Ctr., 172 AD3d 645, 646-647 [1st Dept 2019]). Since the complaint alleges that Alexander fabricated his statement "to procure special benefits and protections from [Equinox] to which he was not entitled and to protect his otherwise threatened employment," this statement does not support the defamation claim against Equinox, which did not stand to benefit from Alexander's misconduct.
The remainder of the defamation claim, premised on a variety of statements made by various Equinox employees, was also correctly dismissed for reasons including plaintiff's failure to set forth "the particular words complained of" (CPLR 3016[a]; see e.g. BCRE 230 Riverside LLC v Fuchs, 59 AD3d 282, 283 [1st Dept 2009]), his failure to dissolve the protection of the common interest privilege (see Liberman v Gelstein, 80 NY2d 429, 437-438 [1992]; Sagaille v Carrega, ___ AD3d ___, 2021 NY Slip Op 01369, *2 [1st Dept 2021]), and his failure to make the requisite "rigorous showing" as to the statements that he alleges were defamatory by implication (see Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 37-38 [1st Dept 2014]; Armstrong v Simon & Schuster, 85 NY2d 373, 380-381 [1995]; November v Time Inc., 13 NY2d 175, 178-179 [1963]). We note that Equinox's statement about the matter in its motion to dismiss an action brought against it by Alexander (Alexander v Equinox Holdings LLC, 2019 NY Slip Op 32830[U] [Sup Ct, NY County 2019]) was also absolutely privileged and therefore immune from suit (see Baratta v Hubbard, 136 AD2d 467, 468-469 [1st Dept 1988]; see also e.g. Martirano v Frost, 25 NY2d 505 [1969]).
In support of his breach of contract claim, plaintiff failed to identify a provision in his membership agreement with Equinox — which, we note, is not included in the record on appeal — in which Equinox promised to investigate allegations of misconduct against its members before terminating their memberships (see New York City Educ. Constr. Fund v Verizon N.Y. Inc., 114 AD3d 529, 531 [1st Dept 2014]; Sklover[*2]& Donath, LLC v Eber-Schmid, 71 AD3d 497 [1st Dept 2010]). Plaintiff also failed to allege that Equinox foresaw, or could have foreseen, at the time that it entered into the membership agreement the damages that he now seeks to recover as a consequence of the alleged breach of the agreement (see Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 759 [2d Dept 2009]; see generally Ashland Mgt. v Janien, 82 NY2d 395, 403 [1993]).
The claim for breach of the implied covenant of good faith and fair dealing is duplicative of the breach of contract claim (see Art Capital Group, LLC v Carlyle Inv. Mgt. LLC, 151 AD3d 604 [1st Dept 2017]).
The negligence claims are also duplicative of the breach of contract claim (see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]).
In support of the negligent hiring, training, supervision, and retention claim, plaintiff failed to allege that Equinox knew or should have known of Alexander's propensity to falsely accuse Equinox members of engaging in lewd conduct (see generally Sheila C. v Povich, 11 AD3d 120, 129-130 [1st Dept 2004]). All the alleged instances of Alexander's misbehavior were uncovered as part of the investigation undertaken by Equinox after Alexander accused plaintiff.
We reject plaintiff's effort on appeal to recast his pleaded negligent infliction of emotional distress claim as a claim for intentional infliction of emotional distress. However, extreme and outrageous conduct is an element of either cause of action (Sheila C., 11 AD3d at 130-131), and Equinox's alleged conduct was not so extreme or outrageous as to support the claim (see Matthaus v Hadjedj, 148 AD3d 425 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021