Dille v Zoelle LLC (2023 NY Slip Op 04923)

Dille v Zoelle LLC

2023 NY Slip Op 04923

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 157435/2022 Appeal No. 697 Case No. 2023-00519 

[*1]Kara Dille, as Trustee of the 37 Warren Street PHCD Trust, Plaintiff-Appellant,
v
Zoelle LLC et al., Defendants-Respondents.

Wrobel Markham LLP, New York (Steven I. Fox of counsel), for appellant.
Gallet Dreyer & Berkey, LLP, New York (Jason Mohabir of counsel), for Zoelle LLC, respondent.
Lieb At Law, P.C., Smithtown (Kimberly Johnson of counsel), for Catherine L. Juracich and Corocan Group LLC, respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered January 11, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motions dismissing the action, declared that defendant Zoelle LLC was entitled to retain the contract deposit of $1,900,000, and directed the escrowee-attorney to release the funds to Zoelle, unanimously affirmed, with costs.
Plaintiff entered into a contract of sale to purchase a condominium unit for $19,000,000 from seller Zoelle, allegedly in reliance upon extra-contractual representations made by Zoelle that the building had a doorman. In fact, the building has a doorman physically present during the daytime hours of each day, and a virtual doorman for the remaining hours that a doorman is not physically present on site. Plaintiff, alleging that a full-time doorman was material to her decision to enter into a contract to purchase the unit, refused to close the transaction, declaring the contract null and void and seeking a return of the $1,900,000 down payment on the basis that defendants had misrepresented the presence of a full-time doorman.
The documentary evidence utterly refutes plaintiff's allegations that she justifiably relied upon defendants' alleged misrepresentations regarding the building's doorman services (see generally Lama Holding Co. v Smith Barney, 88 NY2d 413, 421-422 [1996]; Ambac Assur. Corp. v Countrywide Home Loans, Inc., 151 AD3d 83, 86 [1st Dept 2017], affd 31 NY3d 569 [2018]). The condominium's offering plan outlined the physical doorman hours versus the virtual doorman hours, and the sale contract provides that the "Purchaser has examined or has waived the examination of . . . the offering plan, all amendments to the offering plan, the Declaration, the By-Laws and the House Rules." The sale contract also provides that the purchaser has inspected or waived inspection of the premises, and that the seller is not bound by any representations as to the premises made by its employees or agents unless such representations were specifically made part of the contract of sale. The sale contract, in turn, did not contain any provision addressing expected doorman services.
We reject plaintiff's claims to the effect that defendants' representatives concealed the existence of a virtual doorman during plaintiff's pre-contract inspections of the premises, and that the virtual doorman service was within defendants' peculiar knowledge. Due diligence by plaintiff would have discovered the doorman arrangement at the building, particularly given that the information was set forth in the condominium offering plan and given that under the terms of the contract, plaintiff bore the risk of failing to review that document (see Danann Realty Corp. v Harris, 5 NY2d 317, 322 [1959]; MBIA Ins. Corp v Merrill Lynch, 81 AD3d 419, 420 [1st Dept 2011]). Moreover, the allegations in the complaint make no claim that plaintiff made a specific inquiry into the doorman services during plaintiff's [*2]inspection of the premises or at any time before entering into the contract.
The motion court properly dismissed plaintiff's remaining three causes of action — a declaratory judgment that plaintiff is entitled to the contract deposit and any interest, a purchaser's lien, and punitive damages — as they are founded upon the viability of the first two causes of action alleging fraud. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023