Weiss v Vishnepolsky (2024 NY Slip Op 00884)

Weiss v Vishnepolsky

2024 NY Slip Op 00884

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Index No. 150268/22 Appeal No. 1711 Case No. 2023-02180 

[*1]Andrew M. Weiss Jr., Plaintiff-Appellant,
v
Julia Vishnepolsky, Defendant-Respondent, Board of Managers of the Hardenbrook House Condominium Association et al., Defendants.

Greenspoon Marder LLP, New York (Joshua M. Deal of counsel), for appellant.
Landy Wolf, PLLC, New York (David A. Wolf of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 28, 2022, which granted defendant Julia Vishnepolsky's motion pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss all claims as against her, unanimously modified, on the law, to deny the motion as to the second cause of action to the extent it seeks a declaration as to whether Vishnepolsky may record plaintiff and his family and so much of the fourth cause of action as alleges that Vishnepolsky violated garage rules and damaged plaintiff's car, and to deem the dismissal of so much of the fourth cause of action which alleged that Vishnepolsky violated condominium rules and regulations by harassing plaintiff to be without prejudice, and otherwise affirmed, without costs.
The court properly dismissed the fifth and sixth causes of action and so much of the first, second, fourth, and eighth causes of action as they relate to an easement for water. If plaintiff's terrace were part of his unit, he would have an easement for the water shut-off valve located in Vishnepolsky's unit. However, pursuant to the clear terms of the condominium declaration, the terrace is not part of plaintiff's unit. Instead, article 7(c) separately defines the terrace as a Residential Limited Common Unit.
Real Property Law § 339-j states that, in a proper case, an aggrieved unit owner may bring an action for another unit owner's failure to comply with a condominium's "by-laws and rules, regulations, resolutions and decisions adopted pursuant thereto." The amended verified complaint describes specific garage rules that Vishnepolsky allegedly violated. By contrast, it fails to identify the by-laws and rules that Vishnepolsky violated by harassing plaintiff (see Sklover & Donath, LLC v Eber-Schmid, 71 AD3d 497, 498 [1st Dept 2010]). However, this dismissal is without prejudice in the event plaintiff can identify specific rules.
Even though the eighth cause of action (prima facie tort) deals with other matters besides the water easement, it was properly dismissed for failure to plead special damages (see Freihofer v Hearst Corp., 65 NY2d 135, 143 [1985]).
The first cause of action for an injunction also deals with an item other than water. However, plaintiff failed to allege that he "does not have an adequate remedy at law" (Lemle v Lemle, 92 AD3d 494, 500 [1st Dept 2012]). The dismissal of so much of the first cause of action as seeks an injunction against a recording device is without prejudice because plaintiff may be able to allege the requisite elements for an injunction.
In the court below, Vishnepolsky argued that the second cause of action for a declaratory judgment should be dismissed because it was identical to the first. However, as plaintiff responded, CPLR 3001 permits a court to "render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed." A justiciable controversy exists as [*2]to whether Vishnepolsky and other defendants may record plaintiff and his family. Vishnepolsky's contention that she did not actually operate the camera in the hallway and never had, was not supported by documentary evidence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024