Alcan Harbor, Inc. v Assurant Group (2025 NY Slip Op 04074)

Alcan Harbor, Inc. v Assurant Group

2025 NY Slip Op 04074

Decided on July 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 03, 2025

Before: Kern, J.P., Kennedy, Kapnick, Scarpulla, O'Neill Levy, JJ. 

Index No. 657141/21|Appeal No. 4692-4693|Case No. 2023-04914, 2024-03910|

[*1]Alcan Harbor, Inc., Plaintiff-Appellant,
v
Assurant Group Doing Business as Assurant, Inc., Defendant-Respondent. 

Pillsbury Winthrop Shaw Pittman LLP, New York (James M. Catterson of counsel), for appellant.
Sullivan & Cromwell LLP, New York (Brian T. Frawley of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about September 14, 2023, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the causes of action in the second amended complaint for breach of contract (the first cause of action) and breach of the implied covenant of good faith and fair dealing (the second cause of action), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about March 10, 2023, which, to the extent appealed from as limited by the briefs, granted, without prejudice, defendant's motion to dismiss the causes of action in the amended complaint for breach of contract (the first cause of action) and breach of the implied covenant of good faith and fair dealing (the second cause of action), unanimously dismissed, without costs, as academic.
Initially, despite defendant's argument, plaintiff timely perfected the appeals. Defendant never moved to dismiss the appeals as untimely perfected, and in fact, it stipulated to an adjournment and an extension of time to file the opposition brief.
As to the merits, plaintiff failed to state a cause of action for breach of contract, as it did not sufficiently allege that defendant breached the parties' exclusivity agreements. The exclusivity agreements obligated defendant to, among other things, work in good faith towards negotiation and completion of definitive documentation for a transaction in which plaintiff would acquire the assets and equity of John Alden Life Insurance Company (JALIC), a subsidiary insurance company owned by defendant. The agreements also provided that during the exclusivity period, defendant was prohibited from soliciting, negotiating, or engaging with any potential acquirers of JALIC other than plaintiff.
Plaintiff alleges that defendant did, in fact, solicit and negotiate with a third party during the exclusivity period for a purchase of other subsidiaries owned by defendant, culminating in an agreement between defendant and the third party to negotiate a potential reinsurance arrangement with respect to certain JALIC insurance policies. However, reinsurance arrangements do not involve the sale of any assets or equity; instead, such arrangements involve the transfer of risks. Therefore, the conduct alleged did not constitute solicitation, negotiation, or engagement with another potential acquirer of JALIC's equity or assets, and therefore does not fall within the scope of the exclusivity agreements (see Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 105-106 [1996]). Further, plaintiff's assertion that the parties' agreements prohibited defendant from negotiating reinsurance arrangements that would impact JALIC's capital, surplus, or asset allocations is belied by the plain terms of those agreements.
Plaintiff's allegation that defendant breached the implied covenant of good faith and fair dealing is premised on the same factual allegations and seeks the [*2]same damages as those asserted in the breach of contract cause of action. Accordingly, the cause of action for breach of the implied covenant was also properly dismissed (see MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 419-420 [1st Dept 2011]).
To the extent plaintiff argues that it can assert a distinct claim based on allegations that certain of defendant's actions frustrated or rendered impossible the purpose of the exclusivity agreements, this argument was not raised before Supreme Court and is therefore unpreserved. We decline to review it in the interest of justice.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 3, 2025