KSFB Mgt., LLC v Goldman Sachs & Co., LLC

2026 NY Slip Op 02064

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

KSFB Management, LLC, Appellant,

v

Goldman Sachs & Co., LLC, et al., Respondents.

Decided and Entered: April 07, 2026

Index No. 650688/24|Appeal No. 6286, M-00657|Case No. 2025-00937|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (David Cooper of counsel), for appellant.

Sullivan & Cromwell LLP, New York (Robert J. Giuffra, Jr. of counsel), for Goldman Sachs & Co., LLC and Patrick Fels, respondents.

[*1]

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about January 24, 2025, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Goldman Sachs & Co. LLC (Goldman) and Patrick Fels to dismiss the first, fourth, and sixth causes of action pursuant to CPLR 3211(a)(7), unanimously affirmed, with costs.FN1

Plaintiff alleges that defendants Focus and Goldman engaged in a months-long scheme to deceive plaintiff, a business management firm providing services for high net individuals, into continuing to manage Focus' non-party subsidiary, NKSFB, LLC (NKSFB), while Goldman assisted Focus to pursue a combined sale of NKSFB and KSFB. Unbeknownst to plaintiff, however, Goldman and Fels were simultaneously advising Focus in a competing transaction to sell Focus and NKSFB to Clayton Dubilier & Rice LLC (CD&R), which excluded plaintiff. According to the complaint, defendants used the expectation of a joint sale of NKSFB and KSFB to convince plaintiff to provide defendants with confidential information under the parties' nondisclosure agreement (NDA). Defendants then allegedly used the confidential information in their negotiations with CD&R. To minimize Goldman's legal exposure for this alleged scheme, defendants convinced plaintiff to sign an engagement letter, which included several disclaimers of liability.

The motion court properly dismissed the first cause of action alleging that defendants breached (i) paragraph 2 of the NDA and (ii) a section of paragraph 8 which provides that "any Confidential Information of another party [e.g., plaintiff] received or accessed by a party [e.g., Goldman] . . . shall be used by such party only for the purposes of a mutually agreeable strategic transaction." Plaintiff made only vague and conclusory statements that defendants disclosed confidential information, as defined in the NDA, and failed to identify what confidential information was allegedly misused (see Art Capital Group, LLC v Carlyle Inv. Mgt. LLC, 151 AD3d 604, 605 [1st Dept 2017]; see also Parker Waichman LLP v Squier, Knapp & Dean Communications, Inc., 138 AD3d 570, 570-571 [1st Dept 2016]). Plaintiff alleges that Goldman shared confidential information with nonparty CD&R to assist them in negotiations to acquire defendant Focus and NKSFB. Plaintiff was not involved in those negotiations, and its confidential information would not have been material to those discussions. In that regard, plaintiff's complaint suffers from the absence of any allegations about whether the confidential information that was allegedly disclosed belonged to plaintiff or Focus. We need not accept as true plaintiff's conclusory allegations, made upon information and belief, that Goldman disclosed plaintiff's confidential information to CD&R (see Skillgames, LLC v Brody, 1 AD3d 247, 250 [1st Dept 2003]).

[*2]

The court also correctly dismissed the contract claim based on allegations that Goldman breached that portion of paragraph 8 which provides, "Each Disclosing Party [i.e., Focus and plaintiff] will be granted access to any electronic dataroom or other file sharing platform used to share Confidential Information with" Goldman. The purpose of the NDA was to allow Goldman to receive confidential information from Focus and plaintiff. Thus, paragraph 8 should be read to refer to the dataroom or platform used to share Focus' and plaintiff's confidential information with Goldman, not a separate dataroom or platform set up to share Focus' confidential information with CD&R (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007] ["a contract should be read as a whole, and every part will be interpreted with reference to the whole" (internal quotation marks omitted)]).

The motion court providently dismissed the breach of the implied covenant of good faith and fair dealing claim. Plaintiff did not meet its "heavy burden" to show that defendants agreed in the NDA to forego, explicitly or implicitly, any action that would create a conflict with the proposed sale of plaintiff and NKSFB (Cordero v Transamerica Annuity Serv. Corp., 39 NY3d 399, 410 [2023] [internal quotation marks omitted]); see also Singh v City of New York, 40 NY3d 138, 146 [2023]). The NDA provides that the parties thereto (Focus, plaintiff, and Goldman) "have an interest in entering into discussions wherein [ea]ch Disclosing Party may share information with Recipient [Goldman] . . . for the purpose of pursuing a possible relationship between Recipient and the Disclosing Parties in which Recipient may advise and assist with respect to a possible strategic transaction involving" NKSFB. The NDA itself was not an agreement in which Goldman committed itself to helping Focus and plaintiff sell KSFB and NKSFB.

[*3]

The motion court also properly dismissed the sixth cause of action alleging fraud because plaintiff failed to satisfy the element of justifiable reliance. Plaintiff alleges that on a September 16, 2022 phone call, Fels "repeatedly assured [plaintiff] that there was no, and would be no conflict" in Goldman acting as an investment banker for both Focus and plaintiff. Any alleged reliance on these oral statements is irreconcilable with the engagement letter which the parties signed four months later (see HSH Nordbank AG v UBS AG, 95 AD3d 185, 204-206 [1st Dept 2012] [dismissing fraud claim based on "extracontractual representations" concerning "alignment of interests" where contract "expressly disclosed the potential for conflicts of interests . . . and provided that HSH would have no claim against UBS arising from such conduct"]; Societe Nationale D'Exploitation Industrielle des Tabacs et Allumettes v Salomon Bros. Intl., 249 AD2d 232, 233 [1st Dept 1998], lv denied 95 NY2d 762 [2000] [dismissing fraud claim because alleged oral representations were contradicted by letter confirmation agreements]). In the engagement letter, the parties unambiguously agreed that "potential conflicts of interest, or a perception thereof, may arise as a result of [Goldman] rendering services to both [Focus and KSFB] simultaneously," that KSFB's and Focus' "interests may not always be aligned," and that the arrangement "will not give rise to any claim of conflict of interest against Goldman." On the September call, Fels also stated that Focus and Goldman were "committed to the same goal" as KSFB. This allegation fails to state a claim for fraud for the same reasons. The engagement letter explicitly stated that the parties only contemplated a "possible sale of all or a portion of [NKSFB] . . . and/or [KSFB]." It further disclosed that Goldman "may currently be providing and may in the future provide" other "services that could impact the transaction contemplated." In light of these written disclaimers, it was unreasonable as a matter of law for plaintiff, a sophisticated party, to rely on Goldman's oral representations made months earlier during the September call.

[*4]

Plaintiff's argument that the motion court failed to apply the peculiar knowledge exception to the fraud claims lacks merit. Plaintiff fails to articulate any undisclosed information that was uniquely in defendants' possession (see Skyview Cap., LLC v Conduent Bus. Servs., LLC, 239 AD3d 426, 428 [1st Dept 2025] [finding that "plans were not peculiarly within [defendants'] knowledge" because plaintiff "could have inquired" about them]; MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 419 [1st Dept 2011] [declining to apply the peculiar knowledge exception because the plaintiff was a sophisticated business entity that could have obtained the truth about defendants' allegedly fraudulent representations through investigation]). As discussed above, the engagement letter notified plaintiff concerning potential "conflicts of interest" that may exist between Focus and plaintiff that could "impact the [NSKFB/KSFB] transaction."

M-00657 — KSFB Mgt., LLC v Goldman Sachs & Co. LLC, et al.

Motion to amend the caption, granted.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026

Footnotes

Footnote 1: Defendants Focus Financial Partners, LLC (Focus) and Leonard Chang filed a stipulation of discontinuance after plaintiff filed this appeal.